PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:17-CR-29 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| MICHAEL CLEVELAND, | ) | **ORDER** |
| | ) | [Resolving ECF Nos. 57 and 58] |
| Defendant. | ) | |

Pending is Defendant Michael Cleveland's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF Nos. 57 and 58 [SEALED]. The Government filed a Response and a Supplemental Response in opposition. ECF Nos. 65 and 66 [SEALED]. For the reasons explained below, Defendant's Motion is denied.

**I. Background**

Defendant pled guilty to Count One of an Indictment charging him with Possession with Intent to Distribute Heroin (With Death Specification), in violation of 21 U.S.C. § 841(b)(1)(C). ECF No. 53. The Court sentenced Defendant to a term of imprisonment of 135 months. *Id.* Defendant is currently serving his prison sentence at FCI Elkton.[1] Defendant avers that due to the COVID-19 pandemic and the high risk of infection at FCI Elkton, in combination with Defendant's serious health conditions, the Court should reduce his sentence to time served with an additional period of supervision and other conditions, including a period of residence at a sober living facility. ECF No. 57 at PageID #: 299. He argues that his health conditions, namely

---

[1] According to the Bureau of Prisons Inmate Locator (bop.gov/inmateloc/, (last accessed October 15, 2020)) Defendant is currently incarcerated at FCI Elkton.

(1:17-CR-29)

Hepatitis C and anxiety, put him at a higher risk of serious complication from COVID-19, should he contract the disease.  ECF No. 58 [SEALED] at PageID #: 395.

The Government argues that Defendant's articulated reasons for requesting compassionate release are legally insufficient because they do not rise to the level of "extraordinary and compelling" as required by 18 U.S.C. § 3582(c)(1)(A)(i).  ECF No. 65 at PageID #:551.  Furthermore, the Government argues that Defendant is not entitled to compassionate release because he would pose a danger to the community.  *Id*. at PageID #: 555.

## II.  Legal Standard for Seeking Compassionate Release

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons ("BOP") or the defendant if the court finds that "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  The applicable policy statement also requires that Defendant not pose a danger to the safety of the community.  U.S.S.G. § 1B1.13(2).  In making a determination regarding compassionate release, the Court must consider the "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable."  *Id*.; *see also* § 3582(c)(1)(A).  A defendant is eligible to seek compassionate release from a court after he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf <u>or</u> thirty days have elapsed since requesting that the warden of his facility initiate such action.  18 U.S.C. § 3582(c)(1)(A) (emphasis added).

## III.  Discussion

(1:17-CR-29)

### A.

The Warden denied Defendant's request for release. *See* ECF No. 57-3. The Warden's letter, dated May 7, 2020, indicates that BOP's Health Services staff reviewed Defendant's medical records and determined he did not meet the criteria for compassionate release. *Id*. Because 30 days have lapsed since Defendant made his request, Defendant's motion is properly before the Court.[2]

### B.

To determine whether extraordinary and compelling reasons counsel the release of a defendant, the Court must, among other things, decide if a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement provides that a defendant, who is not a danger, may warrant a sentence reduction when the following circumstances exist:

(A) Medical Condition of the Defendant.

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is

        (I) suffering from a serious physical or medical condition,

---

[2] Neither Defendant nor the Government filed Defendant's letter of request. Nevertheless, because the Warden's decision denying Defendant's request and finding Defendant ineligible for compassionate release was issued on May 7, 2020, it is reasonable to find that the request was made at the latest on May 7, 2020.

3

(1:17-CR-29)

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

 (B) Age of the Defendant. The defendant

  (i) is at least 65 years old;

  (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and

  (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

 (C) Family Circumstances.

  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

 (D) Other Reasons. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, cmt. n.1.[3] Defendant argues that his medical conditions qualify him for release under subsection (A)(ii) of the policy statement, or in the alternative, under subsection (D). ECF No. 58 [SEALED] at PageID #: 377. The Court disagrees.

---

[3] Although the applicable policy statement has not been modified to keep pace with the amended statute that now allows an inmate to seek his own release after having met certain conditions, its helpfulness persists.

4

(1:17-CR-29)

Defendant is 37 years old, so subsection (A)(ii)(III) is inapplicable.  Instead, Defendant contends that his combination of Hepatitis C and anxiety qualify as either a "serious physical or medical condition" or a "serious functional or cognitive impairment;" failing that, Defendant contends that this combination should qualify him for compassionate release under the "catch-all provision," *i.e.*, subsection (D).  *Id.* [SEALED].  Case law from courts in this Circuit suggests otherwise.  "[M]edically managed serious health conditions, paired with a generalized fear of COVID-19, [fall] short of 'extraordinary and compelling reasons' justifying compassionate release."  *United States v. Haffaker*, No. 3:16-CR-100, 2020 WL 5995499, at *3 (E.D. Tenn. Oct. 9, 2020) (citing *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020)); *see also United States v. Garmany*, No. 3:18-CR-89-PLR-DCP-2, 2020 WL 4923956, at *2 (E.D. Tenn. Aug. 21, 2020) (holding defendant's medically managed Hepatitis C, asthma, and hypertension did not justify compassionate release); *United States v. Banner*, No. 2:12-CR-093, 2020 WL 4289597, at *2-3 (E.D. Tenn. July 27, 2020) (holding defendant's positive COVID-19 diagnosis, combined with his medically managed Hepatitis C, did not justify compassionate release).  Here, as in those cases, Defendant's medical records indicate that his ailments are being effectively treated in prison.  Thus, he has not demonstrated that his medical conditions are "extraordinary and compelling" or otherwise justify compassionate release.

Defendant cites only one case in our Circuit for the proposition that Hepatitis C, in conjunction with other ailments, should be viewed as sufficiently "extraordinary and compelling" to justify compassionate release.  ECF No. 58 [SEALED] at PageID #: 386 (citing *United States v. Miller*, No. 2:16-CR-20222-AJT-RSW-1, 2020 WL 1814084, at *1 (E.D. Mich.

5

(1:17-CR-29)

Apr. 9, 2020)). The ailments afflicting the defendant in that case – "Coronary Artery Disease, Chronic Obstructive Pulmonary Disease, Hypertension, Hepatitis C, Liver Cancer, Heart Disease, and Cirrhosis of the liver" (*id.*) – are more serious than Defendant's Hepatitis C and anxiety. The other cases Defendant cites are from other circuits and are similarly distinguishable.

Defendant has not presented "extraordinary and compelling" reasons for release under 18 U.S.C. § 3582(c)(1)(A)(i).[4]

### III. Conclusion

For the foregoing reasons, Defendant's Motion for Compassionate Release (ECF No. 702) is denied on the merits.

IT IS SO ORDERED.

| | |
|---|---|
| __October 16, 2020__ | __/s/ Benita Y. Pearson__ |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[4] Because Defendant has not established "extraordinary and compelling" reasons justifying compassionate release, the Court need not reach whether Defendant poses a danger to the safety of the community, nor specific application of the 18 U.S.C. § 3553(a) factors.